# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Rotureau v. Chaplin, III; Number 14-1452 |
| **Originating No. & Caption** | Rotureau v. Chaplin, III; Number 2:13-CV-00849-DCN |
| **Originating Court/Agency** | South Carolina District Court |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S. Code § 1295 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 4/8/14 | |
| Date notice of appeal or petition for review filed | 5/7/14 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Robert Chaplin, IV ("Preston"), Chaplin's son, acquired land from Mary Martin, a friend of his father's. The property was deeded to Preston instead of CHaplin because CHaplin was subject to judgments and wanted to avoid a judgment lien attaching to the property. At closing, Preston gave Martin a note for $500,000 and a mortgage on the property. In her will, Martin forgave Preston's mortgage indebtedness and the debt was therefore extinguished. On June 27, 2008, Chaplin executed a promissory note ("the note") in which he agreed to pay ROtureau $400,000, the amount remaining on Preston's debt when it was forgiven. The payment term of the note reads : "FOR VALUE RECEIVED, [Chaplin] will pay to the order of BRENDA ROTUREAU... the principal sum of four hundred thousand no/100 ($400,000.00) Dollars without interest, payable as follows: On or before December 27, 2010. The undersigned will pay this amount when Two (2) of the Three Lots located on Riggs Lane are sold if this occurs before December 27, 2010. It is undisputed that Chaplin has not paid any part of the loan. Additionally, Chaplin failed to sell any of the property prior to December 27, 2010. On March 29, 2013, Rotureau filed a Complaint in this court, alleging that Chaplin was liable to her on the note in the amount of $400,000, plus interest and cost of collection. In a January 23, 2014 order, the court denied Rotureau's motion for summary judgment, holding

Nature of Case (continued)

…that the note was not supported by consideration. On January 31, 2014, Chaplin moved for summary Judgment. ROtureau responded and filed a motion for reconsideration of the court's earlier order on February 26, 2014. On March 7, 2014, chaplin responded to the motion for reconsideration and filed a reply to his motion for summary judgment. On May 7, 2014, the Court issued itss final order on both matters in favor of Chaplin, III, appellee.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Did the trial court err in finding that there was not proper consideration for the promissory note executed by appellant and appellee?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Robert P. Chaplin, III | Adverse Party: |
|---|---|
| Attorney: Bert G. Utsey<br>Address: 123 South Walter Street<br>PO Box 1164<br>Walterboro, SC 29488 | Attorney:<br>Address: |
| E-mail: butsey@pmped.com | E-mail: |
| Phone: (843) 726-6131 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Brenda Rotureau<br><br>Attorney: Julian H. Toporek<br>Address: 221 West York Street<br>Savannah, Georgia 31401<br><br><br>E-mail: jhtassistant@comcast.com<br><br>Phone: (912) 236.4666 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: _____     Date: _____

Counsel for: Brenda Rotureau

**Certificate of Service**: I certify that on ___May 21, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Bert G. Utsey
Peters, Murdaugh, Parker, Eltzroth, & Detrick, PA
123 South Walter Street
PO Box 1164
Walterboro, South Carolina 29488

Signature: [signed]     Date: May 21, 2014